United States District Court
Southern District of Texas
**ENTERED**
April 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| YANGENERLY SEVERINO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-25-1368 |
| PREMIERE SURGICAL ARTS, *et al.*, | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM AND ORDER**

The plaintiff, Yangenerly Severino filed suit in this court based on diversity jurisdiction. (Docket Entry No. 1). She brings three claims under state common law: breach of contract, unjust enrichment, and fraudulent misrepresentation. (*Id.* at 2). As damages, she requests a "[t]otal refund" of approximately $18,000, which includes the money the defendants allegedly unlawfully retained for surgery that never happened as well as her travel expenses; compensation for emotional distress and financial hardship; and court costs and attorneys' fees.[1] (*Id.* at 2–3). She does not allege the citizenship of either defendant—Premiere Surgical Arts and Dr. Calvin Jung— but rather asserts that there is diversity because "the parties are citizens of different states." (*Id.* at 1). The defendants have moved to dismiss, arguing—among other things—that dismissal is

---

[1] Severino is proceeding pro se and cannot obtain attorneys' fees, even though Texas provides for attorneys' fees in breach of contract cases and such fees would otherwise be included in the amount in controversy. *Edwards v. Palmer Fin. Consultant, Inc.*, No. A-24-CV-1012-DAE, 2025 WL 1569486, at *6 (W.D. Tex. Apr. 9, 2025), *report and recommendation adopted*, 2025 WL 1379417 (W.D. Tex. May 13, 2025).

necessary under Rule 12(b)(1) because Severino has failed to allege both the citizenship of the parties and that the amount in controversy requirement is met. (Docket Entry No. 29 at 4–6).[2]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "Two statutes authorize the lion's share of federal-court litigation: 28 U.S.C. § 1331, which gives federal courts jurisdiction over cases that arise under federal law, and 28 U.S.C. § 1332, which establishes federal courts' 'diversity' jurisdiction." *Flores v. Harbor Freight Tools USA, Inc.*, 810 F. Supp. 3d 796, 797 (E.D. Tex. 2025). To establish diversity jurisdiction, a plaintiff must allege that the civil action is (1) between citizens of different states, and (2) that the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

"The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate*, 243 F.3d 912, 919 (5th Cir. 2001) (cleaned up). In addition, "[i]n general, a plaintiff's good faith assertion that the amount in controversy exceeds $75,000 sufficiently invokes diversity jurisdiction." *Chauvin v. Symetra Life Ins. Co.*, 422 F. Supp. 3d 1145, 1151 (E.D. La. 2019). However, "bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up). "When a complaint does not allege a specific amount of damages,

---

[2] The defendants also move to dismiss under Rule 12(b)(4) and 12(b)(5), arguing that Severino failed to timely serve them with the complaint. (Docket Entry No. 29 at 1–2). However, the court explicitly provided Severino with leave to serve the defendants after Rule 4m's default deadline. (Docket Entry No. 25).

the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.*

The defendants are correct that Severino has failed to bear her burden of demonstrating that there is diversity jurisdiction. Severino has not sufficiently alleged the citizenship of either defendant. "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *Cadence Bank v. Johnson*, 160 F.4th 197, 202 (5th Cir. 2025) (quoting *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019)). "For LLCs, citizenship is based on 'the citizenship of its members.'" *Id.* (quoting *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1080 (5th Cir. 2008)). "And for corporations, citizenship is based on a corporation's state of incorporation and principal place of business." *Id.*

Severino does not sufficiently plead the citizenship of either defendant; she merely asserts that because she is a resident of New York and "the parties are citizens of different states," there is diversity jurisdiction. (Docket Entry No. 1 at 1). As explained above, the party seeking to invoke federal jurisdiction must "specifically allege" the citizenship of all parties. *See Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam) ("[T]he plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."). In her response brief, Severino argues that because the defendants identify Premier Surgical Arts as a PLLC (something she did not do in her complaint) and there is "no confusion" regarding the intended party, the court should allow her to amend her pleadings rather than dismiss the case. (Docket Entry No. 30 at 5). Although Severino's complaint is deficient because she does not properly allege either Dr. Jung's citizenship as an individual or Premiere Surgical Arts' citizenship as a PLLC, the court agrees that she should have an opportunity to cure this deficiency before dismissal.

3

A second problem is that Severino has not pleaded facts showing that the amount in controversy is above $75,000.  In her response brief, she argues that her damages include her travel costs; that the amount in controversy is determined by her "good-faith claim"; and that the defendants have not shown to a legal certainty that she cannot recover more than $75,000.  (Docket Entry No. 30 at 5).  However, the "legal certainty" test is "inapplicable . . . when the plaintiff has alleged an indeterminate amount of damages."  *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253; *see also Dorries v. Harrah's Shreveport/Bossier City Holding Co., L.L.C.*, Civ. Action No. 05-0844, 2006 WL 3095654, at *1–2 (W.D. La. Oct. 30, 2006) (noting that the legal certainty test did not apply to a complaint that merely alleged over $75,000 in damages without more specifics).  Severino's arguments about travel costs are also undermined by the complaint allegations and attached exhibits, which explain that, even adding in travel and other related costs, the total refund she seeks is just under $18,000.  (Docket Entry No. 1 at 1).  That means that the only way for Severino to meet the amount in controversy is to show financial hardship and emotional distress of more than $55,000 based on elective surgery[3] that never happened.[4]

Severino has not met her burden of showing this damages amount either on the face of the complaint or by a preponderance of the evidence; indeed, she has alleged no specific facts or provided evidence about such damages at all.  Her "bare allegations" of jurisdictional facts are insufficient.  *See St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253.  And this court does not have

---

[3] Severino's exhibits show that the planned surgery was for liposuction. (Docket Entry No. 1-1 at 4; Docket Entry No. 30 at 8).

[4] The defendants argue that it is "hornbook law" that damages for emotional distress are not normally available in breach of contract cases, (Docket Entry No. 29 at 6), but Severino also brought a claim for fraudulent misrepresentation, and the defendants do not separately address why mental anguish damages would not be available for this claim.  "Texas has authorized the recovery of mental anguish damages for fraud."  *Lu v. Ng*, No. 3:16-CV-2774, 2023 WL 3609164, at *4 (N.D. Tex. May 23, 2023).  In any event, even allowing for recovery for mental anguish damages, Severino has failed to meet the amount in controversy requirement.

to simply accept that that her claims for pain and suffering put the amount in controversy over the jurisdictional threshold. *See Leehans v. Am. Emp. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959). Courts routinely find that mental anguish claims do not show an amount in controversy above $75,000 when, as here, other damages are limited, and even when the claims for mental anguish and other pain and suffering are supported with some evidence. *See, e.g.*, *Johnson v. Summit Hotels Int'l, Inc.*, Civ. Actoin No. 25-973, 2025 WL 3455514, at *2 (E.D. La. Dec. 2, 2025); *Bates v. AT&T Corp.*, Civ. Action No. 11-975, 2012 WL 1344016, at *3 (E.D. La. Apr. 18, 2021); *Rogers v. Lowe's Home Centers, LLC*, Civ. Action No. 15-5710, 2016 WL 4751792, at *5 (E.D. La. Sep. 12, 2016); *Davis v. JK & T Wings, Inc.*, No. CIV.A. 11-501-BAJ, 2012 WL 278728, at *2–3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012); *Owens v. 3M Co., Inc.*, Civ. Action No. 5:17-cv-00346-AKK, 2017 WL 4340478, at *3 (N.D. Ala. Sep. 29, 2017). Although many of these cases take place in the removal context, the Fifth Circuit has applied the same standard to cases filed directly in federal court. *See St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253. It is not facially apparent that Severino's case meets the amount in controversy requirement, and the court's review of her "summary judgment-type" evidence does not demonstrate that she meets it. *See, e.g.*, *Dorries*, 2006 WL 3095654, at *2–6.

Severino is ordered to file an amended complaint to attempt to address these deficiencies by adequately alleging the citizenship of the parties and showing an amount in controversy above $75,000. She must file this amended complaint, consistent with Rule 11 of the Federal Rules of Civil Procedure, no later than May 15, 2026. Failure to meet the requirements of diversity jurisdiction will result in dismissal of the action without prejudice for lack of subject matter jurisdiction. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

SIGNED on April 29, 2026, at Houston, Texas.

_____

Lee H. Rosenthal
Senior United States District Judge